```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-----------------------------------X
                                   :
UNITED STATES OF AMERICA           :
        Plaintiff,                 :       CIVIL NO.
                                   :
             v.                    :       3:99CV1772 (EBB)
                                   :
$2,350,000.00 IN LIEU OF ONE       :
PARCEL OF PROPERTY LOCATED AT 895  :
LAKE AVENUE GREENWICH,             :
CONNECTICUT, WITH ALL              :
APPURTENANCES AND IMPROVEMENTS     :
THEREON                            :
                                   :
        Defendants                 :
                                   :
-----------------------------------X
```

<u>RULINGS ON MOTIONS TO DISMISS BY RECEIVER-CLAIMANTS AND PLAINTIFF</u>

This forfeiture action was brought by the United States pursuant to 18 U.S.C. § 981(a)(1)(A). Before the Court are motions by the government and a group of claimants consisting of the receivers and liquidators for seven now-insolvent insurance companies (the "Receiver-Claimants") to dismiss the claim of Cheryl Lacoff ("Lacoff") for lack of jurisdiction on the ground that she lacks standing. The government and the Receiver-Claimants allege that Lacoff assigned her claim to her son, Brandon Lacoff, and/or received a judgment on a default in the Connecticut state court by fraud. For the following reasons, the motions (doc. nos. 201 and 207) are DENIED.[1]

---

[1] The Court incorporates the factual background found in its prior ruling on the Receiver-Claimants' and government's motions for summary judgment (Doc. 185).

Once a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) brings a factual challenge to a party's standing, a District Court has leeway as to the procedure it wishes to follow. Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co., 436 F.3d 82, 88 (2d Cir. 2006); see Gibbs v. Buck, 307 U.S. 66, 71-72, 59 S. Ct. 725, 83 L. Ed. 1111 (1939) ("As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court."). "[W]here the evidence concerning standing overlaps with evidence on the merits, the Court might prefer to proceed to trial and make its jurisdictional ruling at the close of the evidence." Alliance for Envtl. Renewal, Inc., 436 F.3d at 88 (citing Land v. Dollar, 330 U.S. 731, 739, 67 S. Ct. 1009, 91 L. Ed. 1209 (1947) ("We only hold that the District Court has jurisdiction to determine its jurisdiction by proceeding to a decision on the merits.")); Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 n.3 (1st Cir. 2001).

Receiver-Claimants and the government argue that Lacoff lacks standing in this action and should be dismissed because one or both of the following are true: (1) that Lacoff assigned her claims against Sundew International Ltd. ("Sundew") to her son, Brandon Lacoff, thereby depriving her of standing both in this action and in the Connecticut state court where she received a judgment on a default against Sundew and/or (2) that Lacoff procured a judgment

2

on a default against Sundew by fraud because she failed to disclose to the Connecticut state court Sundew's alleged potential defenses of assignment and of the existence of a settlement agreement.

To evaluate these assertions, the Court must make findings regarding the factual underpinnings of Lacoff's claims in both the Connecticut state court and in this action.  Given the impending scheduled trial in this action, the Court "prefer[s] to proceed to trial and make its jurisdictional ruling at the close of the evidence."  Alliance for Envtl. Renewal, Inc., 436 F.3d at 88.

SO ORDERED.

/s/
ELLEN BREE BURNS
SENIOR U.S. DISTRICT JUDGE

Dated at New Haven, Connecticut this 8th day of September, 2009.